# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIGH ANN GRANT,<br><br>            Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No.  1:14-cv-01251-SAB<br><br>ORDER DENYING PLAINTIFF'S SOCIAL SECURITY APPEAL<br><br>(ECF Nos. 17, 20, 21) |

## I.

## INTRODUCTION

Plaintiff Leigh Ann Grant ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability benefits and supplemental social security income pursuant to the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Stanley A. Boone.[1]

Plaintiff suffers from diabetes mellitus, hypertension, gastritis, history of right ankle fracture, cervical degenerative disc disease, obesity, vertigo, and migraine headaches.  For the reasons set forth below, Plaintiff's Social Security appeal shall be denied.

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge.  (See ECF Nos. 11, 12.)

1

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income on July 19, 2011. (AR 60.) Plaintiff's applications were initially denied on October 24, 2011, and denied upon reconsideration on February 27, 2012. (AR 126-130, 136-139.) Plaintiff requested and received a hearing before Administrative Law Judge Sharon L. Madsen ("the ALJ"). Plaintiff appeared for a hearing on February 14, 2013. (AR 28-59.) On March 15, 2013, the ALJ found that Plaintiff was not disabled. (AR 13-23.) The Appeals Council denied Plaintiff's request for review on May 20, 2014. (AR 5-7.)

### A.   Hearing Testimony

Plaintiff appeared for the February 14, 2013 hearing with representative Anthony Gonzales. (AR 28.) Plaintiff testified that she was born on December 14, 1956. (AR 32.) On the date of the hearing, Plaintiff was 5 foot tall and weighed 210 pounds. (AR 32.) Plaintiff is married, but has been separated for twenty-nine years. (AR 32.) Plaintiff received an Associate of Arts Degree from Bellevue Community College. (AR 33.) She has worked as a travel agent, legal assistant, and tax examiner. (AR 35-36.)

Plaintiff lives in a mobile home with her two adult children. (AR 32.) Her daughter would generally help her shower and for the last eight months has been performing most of the household chores. (AR 34.) Prior to that, Plaintiff performed all the household chores. (AR 34.) Plaintiff prepares meals in the microwave but does not shop. (AR 34.) Plaintiff is a minister on staff at her church and preaches once every three weeks. (AR 34, 48.) Plaintiff's church attendance has been sketchy for several months and she did not attend at all in November and December. (AR 49-50.)

Plaintiff has a driver's license, but does not drive because she believes that her neurologist was going to have her driver's license taken away due to fainting. (AR 32-33.) Plaintiff gets up about 3:30 in the morning and spends her days reading, watching television, and taking lots of naps. (AR 35, 51.) Plaintiff watches her grandchildren, one who is autistic and

1 one with Down syndrome.  (AR 36.)  The grandchildren are seven and nine years old.  (AR 36.)
2 They come and stay with her for the day.  (AR 37.)  Plaintiff does puzzles, art projects, and
3 colors with the children.  (AR 37.)  Plaintiff has other grandchildren, ages twelve and three, who
4 come over every Saturday and spend the night.  (AR 52, 55.)  (AR 55.)  Plaintiff goes to bed
5 between 10:30 and 11:30 at night.  (AR 52.)

6       Plaintiff's blood sugars have been doing well until recently when she was unable to refill
7 her medication because the prescription expired as she had not had a doctor's appointment.  (AR
8 37-38.)  Plaintiff's blood pressure is good even when she does not take her medication.  (AR 38.)
9 Plaintiff broke her ankle in 2009, but it is doing well.  (AR 39.)  Plaintiff has a small dull
10 headache all the time.  (AR 39.)  At times she feels it on the right side, behind her right eye,
11 sharp pains.  (AR 39.)  Plaintiff takes medication to address her headaches and nerve pain.  (AR
12 40.)  The doctor is adjusting her medication to see if it will help ease the headaches.  (AR 40.)
13 Plaintiff had some ataxia and felt like she might pass out, when she stood up the room would
14 move side to side.  (AR 41, 42.)  She still has the problem, but has learned to adjust through
15 physical therapy.  (AR 41-42.)  Plaintiff has pain that goes across her shoulders and in her neck,
16 and pain in her hips, thighs, and lower back, but not her back.  (AR 42.)  Plaintiff's doctor told
17 her that she does not need surgery.  (AR 42.)  Plaintiff had physical therapy for her neck.  (AR
18 43.)  Plaintiff has had sharp pains everywhere in her body for a couple of years.  (AR 47.)

19       Plaintiff is unable to lift ten pounds, can sit for 15 minutes before needing to lay down,
20 and can walk less than two house lengths.  (AR 44-45.)  Plaintiff can stand for six minutes and
21 has a hard time bending down.  (AR 45.)  Plaintiff is able to read for about twenty minutes and
22 spends about two hours a day reading.  (AR 50-51.)  Plaintiff has been using a cane to walk for
23 about a year.  (AR 46.)  The cane was provided to her at the clinic because she was unbalanced.
24 (AR 46.)

25       A vocational expert ("VE") Stephen Schmidt, also testified at the hearing.  (AR 56-58.)
26 The VE characterized Plaintiff's past relevant work history as a baby sitter, DOT 301.677-010,
27 medium, SVP 3, sedentary; tax examiner, DOT 160.167-038, light, SVP 8, sedentary; legal
28 secretary, DOT 201.362-010, SVP 6, sedentary; travel agent, DOT 252-152-010, SVP 5,

1  sedentary, and reservation clerk, DOT 238.367-026, SVP 5, sedentary.  (AR 57.)

2  The ALJ proffered a hypothetical of an individual of the same age, education, and work
3  background as Plaintiff who could lift and carry 50 pounds occasionally, 25 pounds frequently,
4  and sit, stand, or walk 6 to 8 hours.  The VE opined that this individual would be able to perform
5  all Plaintiff's past work.  (AR 57.)

6  The ALJ proffered a second hypothetical of the same individual who could lift 20
7  pounds; and sit, stand or walk 6 to 8 hours with occasional overhead reaching.  (AR 57.)  The VE
8  opined that this individual would be able to perform all Plaintiff's past work as defined by the
9  DOT or as performed.  (AR 57.)

10  The ALJ proffered a third hypothetical of the same individual who is able to lift ten
11  pounds; sit, stand, or walk two hours; can occasionally reach overhead and uses an assistive
12  device for ambulation.  (AR 58.)  The VE opined that this individual would be able to perform
13  all past work as performed or as defined by the DOT.  (AR 58.)

14  The ALJ proffered a fourth hypothetical of the individual with the same limitations set
15  forth in the third hypothetical, but who also needed two to four additional thirty minute breaks a
16  day.  (AR 58.)  The VE opined that there would be no work for this individual.  (AR 58.)

**B.   ALJ Findings**

The ALJ made the following findings of fact and conclusions of law:

- Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2013;
- Plaintiff has not engaged in substantial gainful activity since May 1, 2009, the alleged onset date;
- Plaintiff has the following severe impairments: cervical degenerative disc disease, obesity, vertigo, and migraine headaches;
- Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1;

4

- Plaintiff has the residual functional capacity to lift and carry no more than 10 pounds, and stand and walk 2 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. Plaintiff is limited to occasional overhead reaching, and must use an assistive device for ambulation;

- Plaintiff is capable of performing past relevant work as a tax examiner, legal secretary, travel agent and reservation clerk; and

- Plaintiff has not been under a disability, as defined in the Social Security Act, from May 1, 2009, through the date of the ALJ's decision.

(AR 18-22.)

### III.

### LEGAL STANDARD

An individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). The Court "reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means more than a scintilla, but less than a preponderance. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (internal quotations and citations omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill, 698 F.3d at 1159 (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). However, it is not this Court's function to second guess the ALJ's conclusions and substitute the Court's judgment for the ALJ's. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.")

///

///

## IV.

## DISCUSSION AND ANALYSIS

Plaintiff challenges the ALJ's decision on the ground that the ALJ failed to articulate clear and convincing reasons for rejecting Plaintiff's testimony. Defendant responds that the ALJ need not state clear and convincing reasons to reject Plaintiff's testimony,[2] but even if that is the standard, the ALJ has stated substantial evidence to support the credibility finding. Plaintiff replies that Defendant relies on reasons not stated in the ALJ's decision and these do not provide a basis to affirm the non-disability finding. Further, Plaintiff contends that her testimony regarding her daily activities is not inconsistent with a finding that she is disabled.

"An ALJ may discredit the testimony of a claimant because '[a]n ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A).' " Phillips v. Colvin, 61 F. Supp. 3d 925, 942 (N.D. Cal. 2014) (quoting Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989)). Determining whether a claimant's testimony regarding subjective pain or symptoms is credible, requires the ALJ to engage in a two-step analysis. Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). The ALJ must first determine if "the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal punctuation and citations omitted). This does not require the claimant to show that her impairment could be expected to cause the severity of the symptoms that are alleged, but only that it reasonably could have caused some degree of symptoms. Smolen, 80 F.3d at 1282. The ALJ found that Plaintiff has severe impairments that could be expected to produce the symptoms alleged.

Second, if the first test is met and there is no evidence of malingering, the ALJ can only reject the claimant's testimony regarding the severity of her symptoms by offering "clear and

---

[2] As Defendant recognizes in the opposition, Burrell v. Colvin, 775 F.3d 1133 (9th Cir. 2014), rejected the Commissioner's argument that the ALJ need not provide clear and convincing reasons to reject the claimant's testimony. 775 F.3d at 1137.

1 convincing reasons" for the adverse credibility finding. Carmickle v. Commissioner of Social
2 Security, 533 F.3d 1155, 1160 (9th Cir. 2008). The ALJ must specifically make findings that
3 support this conclusion and the findings must be sufficiently specific to allow a reviewing court
4 to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not
5 arbitrarily discredit the claimant's testimony. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir.
6 2004) (internal punctuation and citations omitted).

7 Factors that may be considered in assessing a claimant's subjective pain and symptom
8 testimony include the claimant's daily activities; the location, duration, intensity and frequency
9 of the pain or symptoms; factors that cause or aggravate the symptoms; the type, dosage,
10 effectiveness or side effects of any medication; other measures or treatment used for relief;
11 functional restrictions; and other relevant factors. Lingenfelter, at 1040; Thomas v. Barnhart,
12 278 F.3d 947, 958 (9th Cir. 2002). In assessing the claimant's credibility, the ALJ may also
13 consider "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for
14 lying, prior inconsistent statements concerning the symptoms, and other testimony by the
15 claimant that appears less than candid; [and] (2) unexplained or inadequately explained failure to
16 seek treatment or to follow a prescribed course of treatment. . . ." Tommasetti v. Astrue, 533
17 F.3d 1035, 1039 (9th Cir. 2008) (quoting Smolen, 80 F.3d at 1284).

18 Defendant contends that the fact that Plaintiff watches her two disabled grandchildren
19 and keeps her two other grandchildren overnight once a week is inconsistent with Plaintiff's
20 allegations regarding her physical limitations. While these facts may provide clear and
21 convincing reasons if the ALJ had relied upon them, the ALJ's opinion is devoid of any mention
22 of Plaintiff's daily activities or her care of her grandchildren. The Court may draw reasonable
23 inferences from the ALJ's opinion, Magallanes v. Bowen, 881 F.2d 747, 775 (9th Cir. 1989), but
24 cannot consider Defendant's post hac rationalizations. "A reviewing court can evaluate an
25 agency's decision only on the grounds articulated by the agency." Ceguerra v. Sec'y of Health &
26 Human Servs., 933 F.2d 735, 738 (9th Cir. 1991). Similarly, the Court cannot consider
27 Defendant's argument that Plaintiff only received conservative treatment as this was not cited in
28 the ALJ's opinion. However, the Court finds that the ALJ did offer clear and convincing reasons

for the credibility finding.

The ALJ found that the evidence was not entirely consistent with Plaintiff's allegations of disability. (AR 21.) Plaintiff argues that the only medical record that the ALJ pointed to in her opinion suggests a coordination issue with a volitional component which is not alleged in the disability claims. In her opinion, the ALJ found that an examining neurologist opined that his examination was remarkable for inconsistent functional findings and noted that Plaintiff was very somatic and anxious, confounding interpretation. (AR 22.)

The record referenced in the opinion indicates that Plaintiff was admitted to Community Medical Center on August 18, 2012, complaining of vertigo after suffering a fall. Plaintiff was seen by Dr. Rosenfeld on August 20, 2012. (AR 454-457.) Plaintiff complained that she had been feeling unsteady since the incident and was experiencing intermittent vertigo. (AR 454.) When testing Plaintiff's coordination, the record states "no dysmetria[3] however [patient] demonstrates past pointing[4] – which appears volitional." (AR 457.) Dr. Rosenfeld's impression notes the examination is remarkable for inconsistent and functional findings. (AR 457.) Further, the record notes that Plaintiff "is very somatic[5] and anxious confounding interpretation." (AR 457.) The ALJ properly considered Plaintiff's efforts to impede accurate testing of her limitations in making the credibility determination. Thomas, 278 F.3d at 959.

Further, the ALJ noted that the objective findings did not support such limited exertional and manipulative limitations. (AR 21.) On September 29, 2011, Dr. Rush examined Plaintiff, all test results were normal, and Plaintiff was found to have no physical limitations. (AR 296-298.) Other than uncontrolled blood sugars, Plaintiff's medical records demonstrate similar objective findings by other physicians. (AR 303, 304, 305, 307, 308, 310, 311, 333, 352-367, 378-380, 402, 413, 414, 440, 447, 449-451, 453, 456-458, 460, 463-464.) The determination that a claimant's complaints are inconsistent with clinical evaluations can satisfy the requirement

---

[3] Ability to control the distance, power, and speed of an act is impaired. Stedman's Medical Dictionary 598 (28th Ed. 2006).

[4] A test where the subject is to touch the examiner's finger. Id. at 1441.

[5] Relating to the body. Id. at 1788.

1  of stating a clear and convincing reason for discrediting the claimant's testimony. <u>Regennitter v.
2  Commissioner of Social Sec. Admin.</u>, 166 F.3d 1294, 1297 9th Cir. 1999).  The ALJ properly
3  considered this evidence in weighing Plaintiff's credibility.  "While subjective pain testimony
4  cannot be rejected on the sole ground that it is not fully corroborated by objective medical
5  evidence, the medical evidence is still a relevant factor in determining the severity of the
6  claimant's pain and its disabling effects." <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir.
7  2001) (citing 20 C.F.R. § 404.1529(c)(2)).

8  Finally, while Plaintiff testified that she can only sit for 15 minutes and has difficulty
9  concentrating for more than 20 minutes (AR 45, 50-51), the ALJ noted that Plaintiff was able to
10 sit and respond appropriately during the 45 minute hearing.  (AR 21.)  While the ALJ's
11 observations of a claimant's functioning cannot form the sole basis for discrediting the
12 claimant's testimony, <u>Orn v. Astrue</u>, 495 F.3d 625, 639 (9th Cir. 2007), the ALJ properly
13 considered his observations as a reason in determining Plaintiff's credibility.

14 Dr. Rosenfeld's record, the objective medical evidence, and the ALJ's observations of
15 Plaintiff during the examination are substantial evidence to support the ALJ's credibility finding.
16 <u>Batson v. Commissioner of Social Security</u>, 359 F.3d 1190, 1196-97 (9th Cir. 2004).  The Court
17 finds that the ALJ provided clear and convincing reasons that are supported by substantial
18 evidence in the record for the determination that Plaintiff's symptoms are not as limiting as she
19 claimed.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**V.**

**CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ did not err in making the determination regarding Plaintiff's credibility. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's appeal from the decision of the Commissioner of Social Security is DENIED. It is FURTHER ORDERED that judgment be entered in favor of Defendant Commissioner of Social Security and against Plaintiff Leigh Ann Grant. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   **July 24, 2015**

UNITED STATES MAGISTRATE JUDGE